**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 11-cv-00059-REB

FOOTHILLS CREATIONS LTD,
    Plaintiff and Counterclaim-Defendant,

v.

BILLY BOB TEETH, INC.,
    Defendant, Counterclaim-Plaintiff,
    and Counterclaim-Realtor.

## JOINT CLAIM CONSTRUCTION STATEMENT

Pursuant to the Court's Order for Briefing on *Markman* Issues [Doc. No. 3], Plaintiff and Counterclaim-Defendant Foothills Creations Ltd. ("Foothills") and Defendant and Counterclaim-Plaintiff Billy Bob Teeth, Inc. ("Billy Bob Teeth") (collectively, the "Parties") jointly submit this Joint Claim Construction Statement setting forth the Parties' proposed claim constructions of the terms of (i) United States Patent No. 5,547,381 (the "'381 Patent") and (ii) United States Patent No. D579,509 (the "'509 Patent'") (collectively, the "Patents-in-Suit"). Foothills asserts infringement of all fifteen claims of the '381 Patent and the one claim of the '509 Patent.[1/]

**I.    Constructions on Which the Parties Agree**

The constructions for claim terms of the '381 Patent on which the Parties agree are attached hereto as Exhibit A. At this time, the Parties do not agree on the construction of the claim of the '509 Patent.

---

[1/]    However, if there are no agreed or disputed claim terms in an asserted claim, that claim is not included in Exhibits A-C hereto.

## II.     Proposed Constructions of Disputed Claim Terms

The proposed constructions for each of the disputed claim terms of the Patents-in-Suit are attached hereto as Exhibit B (for the '381 Patent) and Exhibit C (for the '509 Patent). The proposed constructions also include an identification of references from the specification or prosecution history that support each construction and an identification of any extrinsic evidence, including, but not limited to, as permitted by law, dictionary definitions, prior court statements,[2/] citations to learned treatises and prior art, and testimony of percipient and expert witnesses, known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim.

The parties reserve the right to amend, alter, supplement, or otherwise modify its proposed claim constructions based on information obtained after the filing of this Joint Claim Construction Statement.

## III.    *Markman* Hearing

The Parties request that the court conduct a *Markman* hearing, should the Court believe that such a hearing would be helpful, prior to construing the claims of the Patents-In-Suit, and anticipate that such a hearing may require 2-4 hours.  Presently,

---

[2/]     The '381 Patent at issue has been involved in at least three prior lawsuits, including (Nutting v. RAM Southwest, Inc., et al., U.S. Dist. Ct. for the Dist. of Colorado, Civil Action. No. 98-B-2360-LTB).  Although Billy Bob Teeth does not concede that those rulings are binding here and reserves the right to argue that those rulings are not controlling here under the applicable law, Billy Bob Teeth has referenced an order from that prior case in Exhibit B and, to the extent that the order may be relevant extrinsic evidence and helpful to this Court in addressing the present dispute, may cite to that order in its *Markman* briefing.

- 3 -

the Parties do not propose calling any fact or expert witnesses at the claim construction hearing.

## IV.    Other Issues

The Parties disagree as to whether the district court's claim construction rulings in <u>Nutting v. RAM Southwest, Inc., et al.</u> are controlling here. Foothills contends that the district court's claim construction rulings are binding here under "vertical stare decisis" in view of the Federal Circuit's decision at <u>Nutting v. Ram Southwest, Inc.</u>, 2003 U.S. App. LEXIS 8379 (Fed. Cir., May 1, 2003). Billy Bob Teeth maintains that any prior district court claim construction rulings are not controlling here under applicable Federal Circuit and Tenth Circuit law. However, the Parties have reached an agreement regarding stipulated constructions for claim terms of the '381 Patent (as reflected in Exhibit A) that they believe obviates the need to brief the issue at this time.

The Parties have not presently identified any additional issues to be submitted for the Court's consideration.

DATED this 25th day of August, 2011.

/s/ Brian D. Smith
Brian D. Smith, Esq.
Brian D. Smith, P.C.
1125 Seventeenth Street, Suite 600
Denver, CO 80202
*bsmith@coloradopatents.com*

*Attorney for Plaintiff-Counterclaim Defendant Foothills Creations Ltd.*

*/s/* Michael H. Wussow
Michael H. Wussow (Atty.Reg. #34782)
STIGLER WUSSOW + BRAVERMAN, LTD.
1123 Spruce Street
Boulder, CO 80302
(303) 800-1590 Tel / (866) 436-6597 Fax
*mhw@swandb.com*

*/s/* Randy J. Soriano
Randy J. Soriano
Nick E. Williamson
BRYAN CAVE LLP
One Metropolitan Square
211 N. Broadway, Ste. 3600
St. Louis, Missouri  63102-2750
(314) 259-2000 Tel / (314) 259-2020 Fax
*rjsoriano@bryancave.com*
*nick.williamson@bryancave.com*

*Attorneys for Defendant-Counterclaim Plaintiff Billy Bob Teeth, Inc.*

**EXHIBIT A – CHART REFLECTING AGREED CONSTRUCTIONS FOR U.S. PATENT NO. 5,547,381**

| U.S. Patent No. 5,547,381 | Agreed Constructions |
|---|---|
| Claim 1 | **teeth:** Two or more teeth.<br><br>**additional teeth that are adjacent said person's real tooth:** Allows for two situations: (1) at least two teeth, one of which is to the immediate right of the tooth the tooth cap body is positioned on and the other of which is to the immediate left of this tooth; and/or (2) at least two teeth, both of which are to the immediate right or left of the tooth on which the tooth cap body is positioned.<br><br>**formable around:** Partially formable around at least one side of the adjacent teeth. |
| Claim 5 | **teeth:** Two or more teeth.<br><br>**other ones of the person's teeth adjacent the person's real tooth that is being extended:** Allows for two situations: (1) at least two teeth, one of which is to the immediate right of the tooth the tooth cap body is positioned on and the other of which is to the immediate left of this tooth; and/or (2) at least two teeth, both of which are to the immediate right or left of the tooth on which the tooth cap body is positioned.<br><br>**forming said second portion of said initially malleable, but hardenable material around:** Partially formable around at least one side of the adjacent teeth. |
| Claim 6 | **teeth:** Two or more teeth.<br><br>**teeth adjacent said real tooth:** Allows for two situations: (1) at least two teeth, one of which is to the immediate right of the tooth the tooth cap body is positioned on and the other of which is to the immediate left of this tooth; and/or (2) at least two teeth, both of which are to the immediate right or left of the tooth on which the tooth cap body is positioned.<br><br>**conform said malleable material to teeth adjacent said real tooth:** Partially formable around at least one side of the adjacent teeth. |

**EXHIBIT B – CHART REFLECTING DISPUTED CLAIM TERMS IN U.S. PATENT NO. 5,547,381**

| U.S. Patent No. 5,547,381 | Foothills' Proposed Construction[3/] | Billy-Bob Teeth's Proposed Construction |
|---|---|---|
| 1.    Tooth extension apparatus for extending a person's real **tooth** in length to have the appearance of an animal fang, **comprising**:<br><br>**a tooth cap body** that has an outside surface, an inside surface, a front side, | **tooth:** No construction needed. Defendant's construction impermissibly imports limitation from specification into claim. | **tooth:** A single tooth.<br>- Abstract.<br>- Throughout the specification, including: Col. 1, ll. 23-31; Col. 1, ll. 40-47; Col. 1, ll. 52-56; Col. 2, ll. 2-8; Col. 2, ll. 20-23; Col. 2, ll. 52-54; Col. 2, ll. |

---

[3/]    Billy Bob Teeth maintains that many of Foothills' entries in this Exhibit B are not proper for inclusion in this Joint Claim Construction Statement, are an attempt by Foothills pre-argue its claim construction positions, and should be addressed in the subsequent claim construction briefing under the Court's Order for Briefing on *Markman* Issues [Doc. No. 3].  Examples of such improper entries include, for example: (i) "Defendant's construction impermissibly imports limitation from specification into claim."; (ii) "Use of other means by user to assist user in forming, or shaping material onto user's teeth is not precluded by any statement made in August 17, 1995 Amendment Under 37 C.F.R. § 1.111, the original application filed March 22, 1994, any statement in the specification or in the April 20, 2000 Order."; and (iii) Foothills' copying of a substantial portion of M.P.E.P. Section into footnote 4.  Although Billy Bob Teeth requested that Foothills remove these entries, Foothills would not agree to do so and they are included here over Billy Bob Teeth's objections.

[4] ***2111.03 Transitional Phrases [R-3]***

The transitional phrases "comprising", "consisting essentially of" and "consisting of" define the scope of a claim with respect to what unrecited additional components or steps, if any, are excluded from the scope of the claim.

The transitional term "comprising", which is synonymous with "including," "containing," or "characterized by," is inclusive or open-ended and does not exclude additional, unrecited elements or method steps. See, e.g., >*Mars Inc. v. H.J. Heinz Co.*, 377 F.3d 1369, 1376, 71 USPQ2d 1837, 1843 (Fed. Cir. 2004) ("like the term 'comprising,' the terms 'containing' and 'mixture' are open-ended.").< *Invitrogen Corp. v. Biocrest Mfg., L.P.*, 327 F.3d 1364, 1368, 66 USPQ2d 1631, 1634 (Fed. Cir. 2003) ("The transition 'comprising' in a method claim indicates that the claim is open-ended and allows for additional

| U.S. Patent No. 5,547,381 | Foothills' Proposed Construction[3/] | Billy-Bob Teeth's Proposed Construction |
|---|---|---|
| and a back side, said outside surface having a smoothly curved convex shape and said inside surface having a cavity extending therein toward said outside surface from **a peripheral rim that** substantially surrounds said cavity and **forms said front side and said back side**, said cavity conforming in | | 62-66; Col. 3, ll. 7-12; Col 3, ll. 21-23; Col. 3, ll. 29-32; Col. 3, ll. 57-60; Figs. 1-3.<br><br>- Claims 1, 5, and 6.<br>- Stipulated construction: "teeth."<br>- Original application filed March 22, |

---

steps."); *Genentech, Inc. v. Chiron Corp.*, 112 F.3d 495, 501, 42 USPQ2d 1608, 1613 (Fed. Cir. 1997) ("Comprising" is a term of art used in claim language which means that the named elements are essential, but other elements may be added and still form a construct within the scope of the claim.); *Moleculon Research Corp. v. CBS, Inc.*, 793 F.2d 1261, 229 USPQ 805 (Fed. Cir. 1986); *In re Baxter*, 656 F.2d 679, 686, 210 USPQ 795, 803 (CCPA 1981); *Ex parte Davis*, 80 USPQ 448, 450 (Bd. App. 1948) ("comprising" leaves "the claim open for the inclusion of unspecified ingredients even in major amounts"). >In *Gillette Co. v. Energizer Holdings Inc.*, 405 F.3d 1367, 1371-73, 74 USPQ2d 1586, 1589-91 (Fed. Cir. 2005), the court held that a claim to "a safety razor blade unit comprising a guard, a cap, and a group of first, second, and third blades" encompasses razors with more than three blades because the transitional phrase "comprising" in the preamble and the phrase "group of" are presumptively open-ended. "The word 'comprising' transitioning from the preamble to the body signals that the entire claim is presumptively open-ended." *Id.*

[5/]   *The American Heritage Dictionary* (3rd Ed. 1994) (FN 5 is found at Exh. B, p. 5).

[6/]   *The Merriam-Webster Dictionary* (1994) (FN 6 is found at Exh. B, p. 5).

[7/]   *The American Heritage Dictionary* (2nd Coll. Ed. 1991) (FN 7 is found at Exh. B, p. 5).

[8/]   Should the Court conclude that a person of ordinary skill in the art would understand the bounds of the term "retaining" as it is used in Claim 1, Billy Bob Teeth maintains that the '381 Patent does not contain a written description of Claim 1's "retaining", that the '381 Patent does not enable that person of ordinary skill in the art to make and use the alleged invention of Claim 1 without undue experimentation, and that Claim 1 is invalid under 35 U.S.C. § 112(1) (FN 8 is found at Exh B, p. 5).

| U.S. Patent No. 5,547,381 | Foothills' Proposed Construction[3/] | Billy-Bob Teeth's Proposed Construction |
|---|---|---|
| size and shape to a lateral side of said real tooth and adapted to receive said lateral side of said real tooth when said tooth cap body is juxtaposed to said real tooth, said tooth cap body also having **an extension that protrudes downwardly below said cavity and converging to a tip**, and a lip protruding from said inside surface under said cavity to form a trough at the bottom of said cavity and adapted for receiving and **retaining** an extremity edge of the person's real tooth when said tooth cap body is juxtaposed to said real tooth and said lateral side of said real tooth is received in said cavity; and<br><br>an initially malleable, but hardenable material of **a quantity that is more than enough to fill said cavity**, a first portion of said material being placed in said cavity and adapted to be partially displaced by said lateral side of said real tooth when said lateral side of said real tooth is received in said cavity, and a second portion of said material extending from said first portion out of said cavity to a sufficient extent to be **formable** around additional teeth that are adjacent said person's real tooth. | **comprising:** Is a claim transitional term which is synonymous with "including," "containing," or "characterized by," and is inclusive or open-ended and does not exclude additional, unrecited elements or method steps.[4] Accordingly, plaintiff requests that the court include in its construction a statement that accused products containing structure in addition to that recited in claim 1 would still infringe claim 1.<br><br>§ 2111.03 Transitional Phrases-MPEP-United States Patent and Trademark Office Manual of Patent Examining Procedure (MPEP) Eighth Edition, August 2001 | 1994.<br><br>- August 17, 1995 Amendment Under 37 C.F.R. § 1.111.<br><br>- <u>Nutting v. RAM Southwest, Inc., et al.</u>, U.S. Dist. Ct. for the Dist. of Colorado, Civil Action. No. 98-B-2360-LTB, April 20, 2000 Order.<br><br>**comprising:** This term needs no construction and Billy Bob Teeth objects to Foothills' attempt to pre-argue alleged infringement issues in this Joint Claim Construction Statement. To the extent that the term "comprising" impacts Plaintiff's infringement allegations that issue may be addressed in Plaintiff's Summary Judgment briefing to the Court, if any, or at trial in the Court's instructions to the jury. |

| U.S. Patent No. 5,547,381 | Foothills' Proposed Construction[3/] | Billy-Bob Teeth's Proposed Construction |
|---|---|---|
| | Latest Revision July 2010 | |
| | **a tooth cap body:** at least one tooth cap body<br><br>Basic rule of claim construction. | **a tooth cap body:** A single tooth cap body.<br><br>- Abstract.<br><br>- Throughout the specification, including: Col. 1, ll. 23-31; Col. 1, ll. 40-47; Col. 1, ll. 52-56; Col. 2, ll. 2-8; Col. 2, ll. 20-23; Col. 2, ll. 52-54; Col. 2, ll. 62-66; Col. 3, ll. 7-12; Col 3, ll. 21-23; Col. 3, ll. 29-32; Col. 3, ll. 57-60; Figs. 1-3.<br><br>- Claims 1, 5, and 6.<br><br>- Stipulated construction: "teeth."<br><br>- Original application filed March 22, 1994.<br><br>- August 17, 1995 Amendment Under 37 C.F.R. § 1.111.<br><br>- <u>Nutting v. RAM Southwest, Inc., et al.</u>, U.S. Dist. Ct. for the Dist. of Colorado, Civil Action. No. 98-B-2360-LTB, April 20, 2000 Order. |
| | **a peripheral rim that … forms said front side and said back side:**<br><br>Not indefinite under 35 U.S.C. § | **a peripheral rim that … forms said front side and said back side:** Indefinite under 35 U.S.C. § 112(2). |

| U.S. Patent No. 5,547,381 | Foothills' Proposed Construction[3] | Billy-Bob Teeth's Proposed Construction |
|---|---|---|
| | 112(2). | |
| | **an extension that protrudes downwardly below said cavity and converging to a tip:** No construction needed-Defendant's construction impermissibly imports limitation from specification into claim. | **an extension that protrudes downwardly below said cavity and converging to a tip:** An additional solid element, separate from the cavity, that protrudes downwardly below the cavity and converges to a tip.<br><br>- Col. 2, ll. 55-58; Figs. 1-3.<br><br>- Extension: An extended or added part. *Am. Heritage* 3rd,[5] p. 299.<br><br>- Extension: An additional part. *Merriam-Webster*,[6] p. 267.<br><br>- Extension: An addition to a main structure. *Am. Heritage* 2nd,[7] p. 479. |
| | **retaining:** Restricting motion of the tooth cap body relative to the tooth received in the cavity.<br><br>Col. 3, ll. 61-64 | **retaining:** Indefinite under 35 U.S.C. § 112(2).<br><br>Alternative construction, should the Court conclude that a person of ordinary skill in the art would understand the bounds of "retaining" as it is used in Claim 1: Anchoring in place.[8]<br><br>- Col. 1, ll. 30-31; Col. 3, ll. 57-67; Fig. 1.<br><br>- Retain: To keep or hold in a particular |

| U.S. Patent No. 5,547,381 | Foothills' Proposed Construction[3/] | Billy-Bob Teeth's Proposed Construction |
|---|---|---|
| | **a quantity that is more than enough to fill said cavity:** Not indefinite under 35 U.S.C. § 112(2).<br><br>**formable:** User formable onto user's teeth by using hands, teeth and/or with other means. Use of other means by user to assist user in forming, or shaping material onto user's teeth is not precluded by any statement made in August 17, 1995 Amendment Under 37 C.F.R. § 1.111, the original application filed March 22, 1994, any statement in the specification or in the April 20, 2000 Order. | place, condition, or position. *Am. Heritage* 3rd, p. 703.<br><br>- Retain: To keep in a fixed place or position. *Merriam-Webster*, p. 627.<br><br>- Retain: To keep or hold in a particular place, condition, or position. *Am. Heritage* 2nd, p. 1054.<br><br>**a quantity that is more than enough to fill said cavity:** Indefinite under 35 U.S.C. § 112(2).<br><br>**formable:** For a user to form.<br><br>- Col. 1, ll. 57-59; Col. 2, ll. 24-39; Col. 3, ll. 32-38.<br><br>- Original application filed March 22, 1994.<br><br>- August 17, 1995 Amendment Under 37 C.F.R. § 1.111.<br><br>- <u>Nutting v. RAM Southwest, Inc., et al.</u>, U.S. Dist. Ct. for the Dist. of Colorado, Civil Action. No. 98-B-2360-LTB, April 20, 2000 Order.<br><br>- Form (v): To shape or become shaped. To shape into a particular form. *Am. Heritage* 3rd, p. 331.<br><br>- Form (v): To give form or shape to. *Merriam-Webster*, p. 298. |

| U.S. Patent No. 5,547,381 | Foothills' Proposed Construction[3/] | Billy-Bob Teeth's Proposed Construction |
|---|---|---|
| | | - Form (v): To give form to; shape. To shape or mold into a particular form. *Am. Heritage* 2nd, p. 525-526. |
| | | - Form (intr): To become formed or shaped. To assume a specialized form, shape, or pattern. *Am. Heritage* 2nd, p. 525-526. |
| 5.   A method of extending a person's real **tooth** to have the appearance of an animal fang, **comprising** the steps of:<br><br>positioning a first portion of an initially malleable, but hardenable material in a cavity in **a tooth cap** that conforms in size and shape to the lateral side of the person's real tooth and **that extends downwardly below the cavity to a tip** and has a lip that protrudes inwardly and upwardly from the bottom of the cavity to form a trough;<br><br>**extending** a second portion of the initially malleable but hardenable material from said first portion outside said cavity;<br><br>juxtaposing said tooth cap with the person's real tooth in such a manner that the lateral side of the person's real | **tooth:** No construction needed- Defendant's construction impermissibly imports limitation from specification into claim.<br><br>**comprising:** See claim 1.<br><br>**a tooth cap…that extends downwardly below the cavity to a tip:** No construction needed- Defendant's construction impermissibly imports limitation from specification into claim.<br><br>**extending:** No construction needed- Defendant's construction impermissibly imports limitation from specification into claim. | **tooth:** A single tooth.<br><br>- See Claim 1, "tooth."<br><br>**comprising:** See Claim 1.<br><br>**a tooth cap…that extends downwardly below the cavity to a tip:** The tooth cap has an additional solid element, separate from the cavity, that extends downwardly below the cavity and converges to a tip.<br><br>- See Claim 1, "an extension that protrudes downwardly below said cavity and converging to a tip."<br><br>**extending:** User spreading or stretching.<br><br>- Col. 1, ll. 57-59; Col. 2, ll. 24-31; Col. 3, ll. 32-38.<br><br>- Claims 1, 5, and 6.<br><br>- Original application filed March 22, |

| U.S. Patent No. 5,547,381 | Foothills' Proposed Construction[3/] | Billy-Bob Teeth's Proposed Construction |
|---|---|---|
| tooth is received into said cavity and displaces some of said first portion of the initially malleable, but hardenable material and such that an extremity edge of the person's real tooth seats in said trough; <br><br> **forming** said second portion of said initially malleable, but hardenable material around other ones of the person's teeth adjacent the person's real tooth that is being extended; and <br><br> **hardening** said initially malleable, but hardenable material. | **forming:** See claim 1 "formable" <br><br> **hardening:** Allowing to harden. <br><br> Claim 6 and throughout specification | 1994 <br><br> - Extend: To stretch, spread, or enlarge to greater length, area, or scope. *Am. Heritage* 3rd, p. 299. <br><br> - Extend: To spread or stretch forth or out. To stretch out or reach across a distance, space, or time. *Merriam-Webster*, p. 267. <br><br> - Extend: To stretch or spread out to fullest length. To enlarge the area or scope of. *Am. Heritage* 2nd, p. 479. <br><br> **forming:** User forming. <br><br> - See Claim 1, "formable." <br><br> **hardening:** Indefinite under 35 U.S.C. § 112(2). <br><br> Alternative construction, should the Court conclude that a person of ordinary skill in the art would understand the bounds of "hardening" as it is used in Claim 5: The act of making hard.[9/] |

---

[9/]     Should the Court conclude that a person of ordinary skill in the art would understand the bounds of the term "hardening" as it is used in Claim 5, Billy Bob Teeth maintains that the '381 Patent does not contain a written description of Claim 5's "hardening", that the '381 Patent does not enable that person of ordinary skill in the art to make and use the alleged invention of Claim 5 without undue experimentation, and that Claim 5 is invalid under 35 U.S.C. § 112(1).

| U.S. Patent No. 5,547,381 | Foothills' Proposed Construction[3/] | Billy-Bob Teeth's Proposed Construction |
|---|---|---|
|  |  | - Col. 1, l. 59; Col. 2, ll. 25-26; Col. 2, ll. 32-33; Col. 3, ll. 10-12; Col. 3, ll. 47-49. |
|  |  | - Claim 6. |
|  |  | - **harden:** To make hard or harder. *Am. Heritage* 3rd, p. 382. |
|  |  | - **harden:** To make or become hard or harder. *Merriam-Webster*, p. 340. |
|  |  | - **harden:** To make or become hard or harder. *Am. Heritage* 2nd, p. 594. |
|  |  | - **hardening:** The act or process of becoming hard or harder. *Am. Heritage* 2nd, p. 594. |
| 6.  A method of anchoring a tooth cap to a real **tooth**, **comprising** the steps of:<br><br>providing a tooth cap having a cavity with **surface features**;<br><br>placing an amount of malleable material into said cavity of said tooth cap;<br><br>positioning said tooth cap onto said real tooth so that said malleable material is forced to envelop said surface features in said cavity;<br><br>**shaping** any excess of said malleable material that is forced out of said tooth | **tooth:** No construction needed. Defendant's construction impermissibly imports limitation from specification into claim.<br><br>**comprising:** See claim 1.<br><br>**surface features:** features on cavity surface for being surrounded, filled in and enveloped by the malleable material so that the material firmly anchors and attaches itself to the tooth cap after the material hardens.<br><br>Col. 3, ll. 5-12<br><br>Defendant's construction impermissibly imports limitations from specification | **tooth:** A single tooth.<br>- See Claim 1, "tooth."<br><br>**comprising:** See Claim 1.<br><br>**surface features:** (i) at least one ridge and at least one depression; (ii) at least two ridges; or (iii) at least two depressions.<br><br>- Abstract.<br><br>- Col. 1, ll. 43-45; Col. 2, ll. 9-14; Col. 3, ll. 5-20; Col. 3, ll. 39-56; Col. 4, ll. 1-12; Figs. 2-3.<br><br>- Claims 8-12. |

| U.S. Patent No. 5,547,381 | Foothills' Proposed Construction[3/] | Billy-Bob Teeth's Proposed Construction |
|---|---|---|
| cap when said tooth cap is positioned onto said real tooth to conform said malleable material to teeth adjacent said real tooth; and<br><br>allowing said malleable material to harden so that said malleable material is securely anchored to said tooth cap. | and dependant claims into claim.<br><br>**shaping:** See claim 1 "formable" | - Original application filed March 22, 1994.<br>- August 17, 1995 Amendment Under 37 C.F.R. § 1.111.<br>**shaping:** User shaping.<br>- Col. 1, ll. 57-59; Col. 2, ll. 24-39; Col. 3, ll. 32-38.<br>- Original application filed March 22, 1994<br>- August 17, 1995 Amendment Under 37 C.F.R. § 1.111.<br>- <u>Nutting v. RAM Southwest, Inc., et al.</u>, U.S. Dist. Ct. for the Dist. of Colorado, Civil Action. No. 98-B-2360-LTB, April 20, 2000 Order.<br>- shape: To give a particular form to. *Am. Heritage* 3rd, p. 752.<br>- shape: To form esp. in a particular shape. *Merriam-Webster*, p. 667.<br>- shape: To give a particular form to; create. To cause to conform to a particular form or pattern; adapt to fit. *Am. Heritage* 2nd, p. 1126. |

**EXHIBIT C – CHART REFLECTING DISPUTED CLAIM TERMS IN U.S. PATENT NO. D579,509**

| U.S. Patent No. D579,509 | Foothills' Proposed Construction | Billy-Bob Teeth's Proposed Construction |
|---|---|---|
| The ornamental design for the pair of artificial fangs, as shown and described. | A pair of right and left tooth caps which are mirror images of each other and wherein each tooth cap has a downward extension that converges to a tip to provide the tooth cap with the appearance of an animal fang and wherein a side of said downward extension is curved inwardly when viewed from its front to provide said extension with a curved appearance, as demonstrated in the Figures of the '509 Patent.<br><br>- The claim, description, and figures.<br><br>- The prior art cited on the face of U.S. Patent No. D579,509.<br><br>- January 28, 2008 Office Action.<br><br>- April 23, 2008 Response to Office Action. | The set of two single artificial fangs, as shown and described, include: (i) a single left fang and a single right fang as illustrated in the figures; (ii) two interior, vertical ridges on each single fang as illustrated in the figures; (iii) a semicircular cutaway, with a hole below it, on the back of each single fang as illustrated in the figures; and (iv) the single fang curvature as illustrated in the figures.<br><br>- The claim, description, and figures.<br><br>- The prior art cited on the face of U.S. Patent No. D579,509, including but not limited to U.S. Patent Nos. 4,015,332, 4,738,622, 5,547,381, 5,569,036, 5,775,909, and D463,860.<br><br>- January 28, 2008 Office Action.<br><br>- April 23, 2008 Response to Office Action. |