# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 11-cv-00059-RBJ-MEH

FOOTHILLS CREATIONS LTD,
    Plaintiff and Counterclaim-Defendant,

v.

BILLY BOB TEETH, INC.,
    Defendant, Counterclaim-Plaintiff,
    and Counterclaim-Realtor.

## STIPULATED PROTECTIVE ORDER

Upon stipulation of the parties for an Order pursuant to Fed. R. Civ. P. 26(c) that trade secret or other confidential information be disclosed only in designated ways:

    1.    As used in the Protective Order, these terms have the following meanings:

        (a)    "Attorneys" means counsel of record;

        (b)    "Confidential – Attorneys' Eyes Only" documents and information that are a subset of "Confidential" documents and information, designated pursuant to Paragraph 5;

        (c)    "Documents" are all materials within the scope of Fed. R. Civ. 34;

        (d)    "Written Assurance" means an executed document in the form attached as Exhibit A.

    2.    A party may designate any document or information, including any portion of a document, any interrogatory response, other discovery response, and/or transcript,

as "Confidential" that it, in good faith, contends constitutes or contains trade secret or other confidential information.

3. All "Confidential" and "Confidential – Attorneys' Eyes Only" documents, and information shall be used solely for the purpose of this action, and no person receiving such documents or information shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents or information to any person other than those specified in Paragraph 4. Prohibited purposes include, but are not limited to, use for competitive purposes or the enforcement or prosecution of additional intellectual property rights.

4. Access to any "Confidential" document or information shall be limited to:

(a) The Court and its personnel;

(b) Attorneys of record and their office associates, legal assistants, and stenographic and clerical employees;

(c) Persons shown on the face of the document to have authored or received it;

(d) Court reporters and videographers retained to transcribe and/or record testimony, personnel of data processing or copy vendors, and personnel of graphics or design services.

(e) Personnel of litigation support firms, translation firms or trial/jury consulting firms engaged by a party or its counsel in this action, so long as each such person has first executed a "Written Assurance" in the form attached as Exhibit A;

(f) Outside independent persons (*i.e.,* persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are used by a party or its attorneys to furnish technical or expert services, and/or to give testimony in this action; and

(g) one designated employee of each party, so long as each designated employee has first executed a "Written Assurance" in the form attached as Exhibit A.

5. A party may further designate any document or information, including any portion of a document, any interrogatory response, other discovery response, and/or transcript, as "Confidential – Attorneys' Eyes Only" that it, in good faith, contends constitutes or contains confidential information that, if otherwise disclosed, is likely to cause harm to the party's competitive position, including without limitation proprietary financial or technical or commercially sensitive competitive information. Disclosure of such information shall be limited to the persons designated in Paragraphs 4(a)-(f).

6. Third parties producing documents in the course of this action may also designate documents as "Confidential" or "Confidential – Attorneys' Eyes Only," subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties, even if not designated by such third parties as "Confidential" or "Confidential – Attorneys' Eyes Only," shall be treated by the parties to this action as "Confidential – Attorneys' Eyes Only" for a period of 15 days from the date of their production. During that 15 day period, any party may

designate such documents as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to the terms of the Protective Order.

7. Each person who is to receive information, pursuant to Paragraph 4(f), shall execute a "Written Assurance" in the form attached as Exhibit A. Opposing counsel shall be notified at least 11 days prior to disclosure to any such person. Such notice shall include a copy of that person's most recent *curriculum vitae* and shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit an objection to be made. If a party objects in writing to such disclosure within 10 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

8. All depositions or portions of depositions taken in this action that contain trade secret or other confidential information may be designed "Confidential" or "Confidential – Attorneys' Eyes Only" and thereby obtain the protections accorded other "Confidential" or "Confidential – Attorneys' Eyes Only" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 10 days of receipt of the final transcript. Unless otherwise agreed depositions shall be treated as "Confidential – Attorneys' Eyes Only" until 10 days after receipt of the final transcript. The deposition of any witness (or any portion of such deposition) that includes "Confidential" or "Confidential – Attorneys' Eyes Only" information shall be taken only in the presence of persons who are qualified to have access to such information, respectively.

9. Any party who inadvertently fails to identify documents as "Confidential" or "Confidential-Attorneys' Eyes Only" shall have 10 days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituting copies of the inadvertently produced documents bearing appropriate confidentiality designations. Any party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation.

10. Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return, or certify to the other party as to the destruction of, such inadvertently produced documents, including all copies, within 10 days of receiving such a written request. The party returning or destroying such inadvertently produced documents may thereafter seek reproduction of any such documents pursuant to applicable law, including Fed. R. Civ. P. 26(b)(5)(B), but may not use the inadvertently disclosed information and/or material when seeking reproduction.

11. Any party may seek leave to file a document containing confidential information under seal in a manner consistent with D.C.COLO.LCivR 7.2. Prior to disclosure at trial or a hearing of documents or information designated "Confidential" or "Confidential – Attorneys' Eyes Only," the parties may seek further protections against public disclosure from the Court.

12. Any party may request a change in the designation of any information designated "Confidential" and/or "Confidential – Attorneys' Eyes Only." Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" and/or "Confidential – Attorneys' Eyes Only" in the action may be affected. The party asserting that the material is "Confidential" and/or "Confidential – Attorneys' Eyes Only" shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

13. Within 60 days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall either return to the opposing party or destroy all documents and information designated by the opposing party as "Confidential" and/or "Confidential – Attorneys' Eyes Only," and all copies, summaries, or extracts of such documents. Each party shall provide a certification in writing to the disclosing party as to such return or destruction within the 60-day period. Attorneys shall be entitled to retain, however, a set of all documents filed with the Court and all correspondence generated in connection with the action, including one copy of documents designated as "Confidential" and/or "Confidential – Attorneys' Eyes Only."

14. Any party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a party from

seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

15.   No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

16.   The obligations imposed by the Protective Order shall survive the termination of this action.

17.   Not later than 30-days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, the parties shall file a motion seeking leave to remove any physical materials designated "Confidential" or "Confidential – Attorneys' Eyes Only" from the office of the Clerk of Court.

18.   The disclosure of information regarding consultants or experts under this Order shall not constitute a waiver of attorney-work product or privilege, and shall not replace or modify the procedures provided under Fed. R. Civ. P. 26(a)(2) or this Court's Scheduling Order.  The parties stipulate that experts, consultants, and other witnesses required to provide a report under Fed. R. Civ. P. 26(a)(2)(B) are not required to disclose or produce, and the parties shall not conduct discovery concerning or seek to introduce evidence of, drafts of expert declarations or reports. The parties also stipulate that they shall not conduct discovery concerning or seek to introduce evidence of communications between counsel, or those working with counsel, on the one hand, and the expert or other witness required to provide a report under Fed. R. Civ. P.

26(a)(2)(B), or those working with the expert or other witness, on the other hand, except as permitted under Fed. R. Civ. P. 26(b)(4)(C).

19.   After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to any documents and information that become a matter of public record.

Approved this 21st day of November, 2011

*[signature: Brooke Jackson]*

_____
R. Brooke Jackson
United States District Judge

Stipulated to:

Date: _November 18, 2011_____        By: __/s/ Brian D. Smith_____

                                                            Brian D. Smith, Esq.
Brian D. Smith, P.C.
1125 Seventeenth Street, Suite 600
Denver, CO 80202
*bsmith@coloradopatents.com*

*Attorney for Plaintiff-Counterclaim Defendant Foothills Creations Ltd.*

Date: _November 18, 2011_____        By: __/s/ Nick E. Williamson_____

Michael H. Wussow (Atty.Reg. #34782)
STIGLER WUSSOW + BRAVERMAN, LTD.
1123 Spruce Street
Boulder, CO 80302
(303) 800-1590 Tel / (866) 436-6597 Fax
*mhw@swandb.com*


Randy J. Soriano
Nick E. Williamson
BRYAN CAVE LLP
One Metropolitan Square
211 N. Broadway, Ste. 3600
St. Louis, Missouri  63102-2750
(314) 259-2000 Tel / (314) 259-2020 Fax
*rjsoriano@bryancave.com*
*nick.williamson@bryancave.com*

*Attorneys for Defendant-Counterclaim Plaintiff Billy Bob Teeth, Inc.*

## EXHIBIT A

## WRITTEN ASSURANCE

I,_____, declare that:

    I.     My address is _____, and the address of my present employer is _____.

    2.     My present occupation or job description is _____.

    3.     My present relationship to plaintiff(s)/defendant(s) is _____.

    4.     I have received a copy of the Stipulated Protective Order (the "Protective Order") in this action.

    5.     I have carefully read and understand the provisions of the Protective Order, agree to be bound by it, and specifically agree I will not use or disclose to anyone any of the contents of any information received under the protection of the Protective Order.

    6.     I understand that I am to retain all copies of any of the materials that I receive which have been so designated as "Confidential" and/or "Confidential – Attorneys' Eyes Only" in a container, cabinet, drawer, room, or other safe place in a manner consistent with the Protective Order and that all copies are to remain in my custody until I have completed my assigned or legal duties.  I will destroy or return to counsel all such documents and things that come into my possession.  I acknowledge

that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

I declare under penalty of perjury under the laws of the state where executed that the foregoing is true and correct.

Executed this ___ day of_____, 20__, in the State of _____.

_____
Signature